Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY ANGELO, | : |
| Plaintiff, | : |
| v. | Civil Action No. 18-3224 (ES) (SCM) |
|  | MEMORANDUM OPINION |
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, | : |
| Defendant. | : |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Fidelity & Guaranty Life Insurance Company's ("Fidelity" or "Defendant") motion to dismiss (D.E. No. 2) Plaintiff Anthony Angelo's ("Angelo" or "Plaintiff") Complaint (D.E. No. 1 Ex. A, Complaint ("Compl.")) under Federal Rule of Civil Procedure 12(b)(6). The Court has considered the parties' submissions[1] and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

**I.     Background[2]**

In 2005, Plaintiff invested $120,000 in "a 'Spectrum Choice Bonus of OM Financial Life Insurance Company, which became Fidelity." (Compl. ¶ 8). Angelo allocated part of that investment to a "two-year Point-to-Point Equity Index Option" and part to a "three year monthly Point-to-Point Equity Index." (*See id*. ¶ 4). Fidelity has retained the contract since 2011. (*Id.* ¶

---

[1]     (D.E. No. 3 ("Def. Moving Br."); D.E. No. 5 ("Pl. Opp'n Br."); D.E. No. 6 ("Def. Reply Br."))

[2]     The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

8).  Around October 27, 2013, "Angelo realized that he was not receiving any interest for 'each' year" of the two-year option.  (*Id.* ¶ 11).  In other words, he was "only receiving one year of interest instead of two."  (*Id.*).  Angelo similarly observed that "he was receiving one year of interest instead of [t]hree" for the three-year option.  (*Id.* ¶ 12).  Angelo complained to Fidelity, and Fidelity thereafter "change[d] the product line as compared to Angelo's contract . . . ."  (*Id.* ¶¶ 15-16).

Plaintiff initiated this suit in New Jersey Superior Court on January 30, 2018.  (*See* Compl.).  Plaintiff asserts the following claims against Defendant: a breach-of-contract claim for failing to provide interest as specified in their contract (Count I) (*id.* ¶¶ 18-22); an unjust-enrichment claim for Defendant's fraudulent behavior (Count II) (*id.* ¶¶ 23-26); and a claim under the New Jersey Consumer Fraud Act ("NJCFA") for "[D]efendant's unlawful practice of not providing the interest every year" (Count III) (*id.* ¶¶ 27-32).

Fidelity removed the case to this Court on the basis of diversity jurisdiction.  (*See* D.E. No. 1, Notice of Removal).  Fidelity thereafter filed the instant motion to dismiss.  (*See* D.E. No. 2).

**II.   Legal Standard**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] Unless otherwise indicated, all internal citations and quotations are omitted, and all emphasis is added.

alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). But a limited exception exists for "document[s] *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." *Jeffrey Rapaport M.D., P.A. v. Robins S. Weingast & Assocs., Inc.*, 859 F. Supp. 2d 706, 714 (D.N.J. 2012) (citation omitted).

### III. Analysis

In its motion, Defendant provides several arguments to support dismissing the Complaint in its entirety. (*See generally* Def. Moving Br.). The Court will address each in turn.

#### A. Statutes of Limitations

Defendant first argues that all of Plaintiff's claims are barred by New Jersey's six-year statute of limitations. (Def. Moving Br. at 8-9). Defendant argues that even if Plaintiff was correct in claiming that his interest was miscalculated, the miscalculations have occurred since 2011. (*Id.* at 9). Defendant provides a document in support, dated October 13, 2011, indicating that certain "changes were recorded in connection with" Plaintiff's policy. (*Id.* at 9 (citing Ex. D, CF 041)). Accordingly, Defendant argues that the six-year statute of limitations would have run in 2017, and therefore the Complaint is barred. (*Id.*).

Plaintiff concedes that his claims are governed by a six-year statute of limitations. (Pl. Opp'n Br. at 9). In opposition, Plaintiff appears to argue that although his claims are governed by a six-year statute of limitations, the contract is an installment contract, and Fidelity is liable for at least some of the alleged miscalculations. (*See id.* ("[T]hese investments have been *re-occurring* over the past few years. Fidelity should be responsible for conduct that occurred during the last six years as well as in the future.")). In reply, Defendant urges the Court to consider Plaintiff's allegation that the contract was entered into in September 2005, and Defendant alleges that no changes have been made to the terms of the 2005 contract. (Def. Reply Br. at 2).

For the reasons explained below, the Court finds that Defendant has not met its burden of demonstrating that the applicable six-year statute of limitations bars any of Plaintiff's claims.

In diversity actions, a court must look to the laws of the forum where the district court sits to determine the statute of limitations. *See Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). In New Jersey, the statute of limitations for breach of contract, unjust enrichment, and New Jersey Consumer Fraud Act claims is six years. N.J.S.A. § 2A:14-1. To determine when the cause of action accrues triggering the statute of limitations to run, a court applying New Jersey law looks to when the party seeking to bring the action had an enforcement right. *Peck v. Donovan*, 565 F. App'x 66, 69 (3d Cir. 2012) (citing *Metromedia Co. v. Hartz Mountain Assocs.*, 655 A.2d 1379, 1381 (N.J. 1995)). In other words, a court looks for "the date when 'the right to institute and maintain a suit' first ar[o]se[]." *Id.* (quoting *Russo Farms, Inc. v. Vineland Bd. of Educ.*, 675 A.2d 1077, 1083 (N.J. 1996)).

In the realm of installment contracts and contracts including "divisible, installment-type payment requirements," claims "begin to run against each installment as . . . [it] falls due,"

meaning that "a new cause of action arises from the date each payment is missed" or an underpayment occurs. *Cty. of Morris v. Fauver*, 707 A.2d 958, 971 (N.J. 1998); *see also R.C. Beeson, Inc. v. Coca Cola Co.*, 337 F. App'x 241, 244 (3d Cir. 2009). Courts apply this standard unless an act of repudiation has triggered the plaintiff's ability to sue for breach of contract. *R.C. Beeson*, 337 F. App'x at 244. New Jersey courts have applied this approach broadly, such as "in connection with coupons on county bonds due annually, periodic payments for promissory notes, periodic payments under a divorce settlement, and monthly payments under an equipment lease." *Fauver*, 707 A.2d at 972.

Here, it is clear that, at least at this stage in litigation, the installment contract approach applies to the contract-at-issue. Complaint alleges that contract is an annuities agreement in which Defendant must pay Plaintiff interest on a recurring basis. (*See* Compl. ¶¶ 3-4, 11-12 & 22). Thus, the alleged contract is one including "divisible, installment-type payment requirements," and a six-year statute of limitations period arose with each alleged underpayment. *See Fauver*, 707 A.2d at 971; *see also Metromedia Co. v. Hartz Mountain Assocs.*, 655 A.2d 1379, 1380 (N.J. 1995).

Defendant in its briefing repeatedly acknowledges the contract's installment-type payment requirements. (*See, e.g.*, Def. Moving Br. at 1-2 (referencing Fidelity "paying interest in the proper intervals"); Def. Reply Br. at 3-4 (describing how often Fidelity is to pay interest in each of the relevant options)). Defendant nevertheless misconstrues Plaintiff's argument: "Presumably Plaintiff is arguing that because the term of the interest is calculated every two or three years, this somehow makes the contract between the parties only two or three years old." (Def. Reply Br. at. 2). And Defendant does not acknowledge or attempt to distinguish the facts here from the controlling case law above. (*See generally* Def. Moving Br.; Def. Reply Br.).

The Court acknowledges that Plaintiff's brief is not a picture of clarity, and that Plaintiff's argument on the statute-of-limitations issue is deficient (e.g., it does not contain a single case citation). (*See* Pl. Opp'n Br. at 9). But this Court cannot ignore clearly applicable, well-established law. Accordingly, the Court at this time will not dismiss any of Plaintiff's claims on statute-of-limitation grounds.

**B.  Count I: Breach of Contract**

Plaintiff in Count I alleges that Fidelity breached the contract entered into in 2005. (Compl. ¶¶ 18-22). Under New Jersey law, a plaintiff alleging breach of contract must plead "(1) the existence of a valid contract; (2) a breach of that contract; and (3) resulting damage." *RNC Sys., Inc. v. Modern Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 444-45 (D.N.J. 2012).

Defendant does not contest elements one and three. (*See* Def. Mov. Br. at 9-12). Rather, Defendant argues that the Court must dismiss the breach-of-contract claim because Fidelity did not breach the contract. (*Id.*). Defendant attaches a contract allegedly governing its and Plaintiff's rights. (D.E. No. 3-2, Ex. B). Defendant contends that the contract at issue is clear and unambiguous, and therefore that the Court must enforce the terms as written. (*See* Def. Mov. Br. at 9-11 (referencing Ex. B)). Specifically, Defendant contends that the language in the two-year monthly point-to-point equity index option "[i]nterest is credited biennially based on an index credit" and the language in the three-year monthly point-to-point equity index option "[i]nterest is credited triennially based on an index credit" makes clear that interest is *paid* once every two years and once every three years for each of those plans, respectively. (*Id.* at 10-12 (citing Ex. B at CF 153-154 & 157-158)). Plaintiff counters by preliminarily pointing out that the Court might not be able to consider Defendant's exhibits on a motion to dismiss. (*See* Pl. Opp. Br. at 2). Plaintiff then asserts that (i) Fidelity miscalculated the interest owed; (ii) the

contract was in fact ambiguous and the Court must interpret the contract in the light most favorable to the non-drafter; and (iii) the Court must also apply the doctrine of reasonable expectations, under which the investor's reasonable expectations are brought to bear on misleading terms and conditions. (*Id.* at 3-7). Defendant replies by citing Webster New World Collegiate Dictionary's definition of "biennially" and "triennially" to support a finding of unambiguity. (Def. Reply Br. at 3).

Here, the Court must take the facts as Plaintiff presents them to determine whether a breach of contract occurred.[4] *See Iqbal*, 556 U.S. at 678; *Bistrian*, 696 F.3d at 358 n.1. And Plaintiff's alleged facts lend themselves to the conclusion that a breach of contract occurred. (*See* Compl. ¶¶ 8-12, 14 & 19-21). The alleged agreement in the Complaint required (i) the Plaintiff to pay his investment, which he did, and (ii) for Defendant to pay interest on Plaintiff's two and three-year options. (*See id.*). As to Defendant's obligation, failing to pay the proper interest constitutes a breach of the agreement. (*See id.*). Consequently, Defendant's argument fails, and Defendant has not met their burden of showing that Plaintiff has not pleaded a viable breach-of-contract claim.

---

[4] In support of its argument of no breach, Defendant urges the Court to consider voluminous documents outside of the pleadings as integral or explicitly relied upon in the Complaint. (*See* Def. Mov. Br. at 8; Def. Reply Br. at 1; *see generally* D.E. No. 3).

Defendant urges the Court to consider a contract allegedly governing its and Plaintiff's rights. (Def. Moving Br. at 9-12; Def. Reply Br. at 3-4). But Plaintiff alleges that the original contract was with "OM Financial Life Insurance Company" and that after October 27, 2013, "Fidelity did significantly change the product line as compared to Angelo's contract . . . ." (Compl. ¶¶ 8 & 16). Defendant did not provide Plaintiff's original contract with OM Financial Life Insurance Company. (*See generally* D.E. No. 3). Instead, Defendant merely invites the Court to believe that "[t]he terms of the Riders have been the same since the Annuity was issued in 2005." (Def. Reply Br. at 2). Moreover, the contract Defendant provides suggests that it was never delivered to or received by Plaintiff. (*See* D.E. No. 3, Ex. B at CF 121-123).

Defendant also urges the Court to consider documents allegedly demonstrating that it did not miscalculate the interest owed to Plaintiff. (*See* Def. Moving Br. at 5). These documents consist of correspondence from Fidelity to the New Jersey Department of Banking and Insurance ("NJDBI") explaining how Fidelity calculates the interest under the relevant plans. (*See* D.E. No. 3, Exs. E, F & G). But on a motion to dismiss, the Court must accept Plaintiff's factual allegations as true. *See Iqbal*, 556 U.S. at 678; *Bistrian*, 696 F.3d at 358 n.1. It therefore would be improper for this Court in deciding this motion to accept Fidelity's factual statements to the NJDBI as true.

For these reasons, the Court has not considered the attachments to Defendant's brief in its motion to dismiss.

## C. Count II: Unjust Enrichment

Next, in Count II, Plaintiff alleges that Defendant was unjustly enriched by failing to provide the appropriate "interest on each year as stated in the contract." (Compl. ¶¶ 23-26). In New Jersey, to establish a claim of unjust enrichment, a "plaintiff must show both that [the] defendant received a benefit and that retention of that benefit without payment would be unjust." *Premier Pork LLC v. Westin, Inc.*, No. 07-1661, 2008 WL 724352, at *14 (D.N.J. Mar. 17, 2008) (quoting *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 554 (N.J. 1994)). A plaintiff must show that he "expected remuneration from the defendant at the time [he] . . . conferred a benefit on [the] defendant and that the failure of remuneration enriched [the] defendant beyond its contractual rights." *Id.* (quoting *VRG Corp.*, 641 A.2d at 554). Finally, "under New Jersey law, recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties." *Network Commodities, LLC v. Golondrinas Trading Co, Ltd.*, No. 11-3119, 2013 WL 1352234, at *10 (D.N.J. Apr. 1, 2013) (quoting *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982)). While pleading in the alternative is permissible, when a plaintiff pleads the existence of a contract without calling its validity into question, the plaintiff has failed to state a facially plausible claim of unjust enrichment under New Jersey law. *MZL Capital Holdings, Inc. v. TD Bank, N.A.*, No. 14-5772, 2015 WL 4914695, at *9 (D.N.J. Aug. 18, 2015) (citations omitted).

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because a valid and binding contract exists. (Def. Moving Br. at 13-14). Plaintiff's opposition brief does not refute this point. (*See* Pl. Opp'n Br. at 7-8).

The Court finds that Plaintiff has not pleaded a viable unjust enrichment claim. Here, Plaintiff's unjust enrichment claim stands on the allegation that Defendant did not pay

appropriate interest according to the terms of a contract. (*See* Compl. ¶ 24 ("[D]efendant has been unjustly enriched by its failure to provide the interest on each year as stated in the contract.")). Plaintiff has not pleaded unjust enrichment in the alternative or otherwise suggested that the contract between Defendant and him is invalid. (*See generally* Compl.). Therefore, the Court will dismiss Count II. *See MZL Capital Holdings*, 2015 WL 4914695, at *9.

### D. Count III: New Jersey Consumer Fraud Act

Lastly, in Count III, Plaintiff alleges that Defendant violated the NJCFA by offering him "a direct loan investment at a yearly rate" but then not providing interest at a "yearly rate." (Compl. ¶¶ 30-31).

To establish a *prima facie* case under the NJCFA, "a plaintiff must allege (1) unlawful conduct by the defendant, (2) an ascertainable loss by plaintiff; and (3) a causal connection between the defendant's unlawful practice and the plaintiff's ascertainable loss." *MZL Capital Holdings, Inc. v. TD Bank, N.A.*, 734 F. App'x 101, 104 (3d Cir. 2018) (citing *Zaman v. Felton*, 98 A.3d 503, 516 (N.J. 2014)). Because such claims sound in fraud, NJCFA claims are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See id.* The intended purpose of the heightened pleading standard is "to place the defendant on notice of the precise misconduct with which [it is] charged." *Hlista v. Safeguard Props., LLC*, 649 F. App'x 217, 221 (3d Cir. 2016). To satisfy this heightened standard, "a plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation, and must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Id.* (cleaned up).

Defendant argues that Plaintiff's NJCFA claim should be dismissed because (i) a simple breach-of-contract claim cannot support a NJCFA claim; and (ii) Plaintiff failed to meet the

heightened pleading standard of Rule 9(b). (Def. Moving Br. at 17-21). Plaintiff offers no substantive counter in his opposition brief; he recites an explanation of the NJCFA. (*See* Pl. Opp'n Br. at 8-9).

This Court finds both of Defendant's arguments persuasive. Here, Plaintiff merely alleges that Defendant "offered" but "did not pay [him] his interest on a yearly rate" per the contract. (*See* Compl. ¶¶ 30-31). But a such breach of contract, without more, cannot constitute an NJCFA violation. *See Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2013 WL 3336766, at *4 (D.N.J. July 1, 2013) (citing *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994)). Plaintiff does not provide any factual allegation in addition to the breach, such as a "substantial aggravating circumstance," that would support a NJCFA claim. *See Cox*, 647 A.2d at 462; (*see generally* Compl.). Therefore, Plaintiff's NJCFA claim is not one upon which relief can be granted.

Even if had plead something beyond a mere breach of contract that would support a NJCFA claim, Plaintiff's pleadings also do not meet the heightened standard of Rule 9(b). For example, Plaintiff does not specify *where* this offer and acceptance of the contract occurred. (*See generally* Compl.). Plaintiff does not provide the contract itself or the contract provisions regarding the calculation of interest. (*See generally id.*). Plaintiff does not describe in sufficient detail *how* the interest was miscalculated. And Plaintiff does not provide *when* the miscalculations of the interest occurred. (*See generally id.*).

Accordingly, the Court will dismiss Count III.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. To the extent Plaintiff can cure the deficiencies identified in this

Memorandum Opinion regarding Counts II and III, the Court will afford Plaintiff **one final chance to amend** his Complaint. **If Plaintiff's amended complaint does not cure the deficiencies identified in this Memorandum Opinion, subsequent dismissal of Counts II and III will be *with prejudice*.**

An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**